# EVAN R. JONES, Appellant, *v.* THE CITY OF UTICA, Respondent.

*Repairs of road running between towns — City of Utica, a town within the meaning of 1 R. S., 516, §§ 73-76 — Allotment of districts not avoided by a failure to file it — Chap. 311 of 1870.*

Under the charter of the city of Utica (chap. 19 of 1832, and chap. 18 of 1862), that city is to be regarded as a town, so far as to render applicable thereto the provisions of the Revised Statutes relating to the dividing of a road running between two towns into districts, and requiring each town to maintain and keep in repair the portion assigned to it.

Certain officers of the city of Utica and the town of New Hartford, assuming to act under the provisions of the Revised Statutes (1 R. S., 516, §§ 73-76), made an agreement by which Pleasant street, which runs between the town and the city, was divided into districts, certain of which were assigned to the city and others to the town. The agreement was filed in the office of the clerk of the city of Utica, but was neither filed nor recorded in the town clerk's office of New Hartford. *Held*, that the agreement was valid, and that the fact that it was not filed or recorded in the office of the town clerk of New Hartford, as required by the

Revised Statutes, did not render the city of Utica liable for an injury occasioned by reason of the district assigned to the town of New Hartford being out of repair.

The provision of the Revised Statutes referred to was not repealed by chapter 311 of 1870.

APPEAL from a judgment entered upon a nonsuit, granted at the Oneida Circuit.

The action was brought to recover damages sustained by the plaintiff, by reason of his horse stepping into a hole in the covering of a culvert while being driven in Pleasant street in the city of Utica. The centre of Pleasant street is the boundary line between the city of Utica and the town of New Hartford. On 10th April, 1855, certain officers of the city and town, assuming to act under the statute (1 R. S., 516, §§ 73 to 76), made an agreement by which Pleasant street was divided into two parts or districts, one of which was allotted to New Hartford, and the other to Utica. The point at which the horse was injured was on the Utica side of the centre of the highway, but within that portion of the highway allotted to New Hartford. The agreement was filed in the office of the city clerk of Utica; but there was no evidence as to whether it was filed or recorded in the town clerk's office of New Hartford. The plaintiff was nonsuited on the ground that the agreement was valid, and the city was not liable.

*Wm. Kernan,* for the appellant.

*A. Coburn,* for the respondent.

SMITH, J. :

The statute under which the agreement was made, upon which the defendant relies, provides that "whenever it shall become necessary to have a highway upon the line between two towns, such highway shall be laid out by two or more of the commissioners of highways of each of said towns," etc. (1 R. S., 516, § 73.) The next section makes it "the duty of the same commissioners, when they lay out such highway, to divide it into two or more road districts, in such manner that the labor and expense of open-

ing, working, and keeping in repair such highway, through each of the said districts, may be equal as near as may be, and to allot an equal number of the said districts to each of said towns." The following section provides that " each district shall be considered as wholly belonging to the town to which it shall be allotted, for the purpose of opening and improving the road, and for keeping it in repair ; and the commissioners shall cause such highway, and the partition and allotment thereof, to be recorded in the office of the town clerk in each of their respective towns." There is also a provision that all highways heretofore laid out upon the line between any two towns shall be divided, allotted, recorded, and kept in repair in the manner above directed." (Section 76.) These provisions are but little more than a transcript of section 19, chapter 33 of the Revised Laws of 1813. (Volume 2, p. 276.) No question is made by the appellant's counsel but that an agreement made and recorded, as provided by the statute, is valid, and has the effect to make each town liable to third persons for injuries caused by the negligent condition of those portions of the road allotted to it, although not lying within the boundaries of such town, and to exempt it from liability in respect to the portion allotted to the other contracting party.

It is objected, however, that the agreement on which the defendant relies is void, for the reason that the statute, under which it is assumed to have been made, applies only to highways between towns, and not to a highway between a city and a town. It may be conceded, for the purpose of this case, that the statute is so limited; but the city of Utica, by virtue of certain provisions of its charter, is to be regarded as a town within the provisions of the statute.

The original charter of the city (Laws of 1832, ch. 19) made the common council commissioners of highways in and for said city, and clothed them with the powers of commissioners of highway in towns. (§ 46.) It also provided that the city should be considered one of the towns of the county of Oneida, for the purposes therein specified, among which were all the purposes contemplated in part 1, chapter 16, title 1 of the Revised Statutes, entitled " of highways and bridges," which title embraces the provisions under which the agreement in question was made.

(Charter, § 64.)  The powers thus conferred were subject to the other provisions of the act, but our attention has not been called to anything in the act which excluded from the grant the powers vested in town commissioners respecting a highway on the line between their respective towns.

The provisions of the original charter are also contained in the act of 1862 (Laws of 1862, ch. 18, § 79, p. 59), by which the charter was revised, and appear to be yet in force.  The officers who entered into the agreement on the part of the city were designated by the common council for that purpose.  We see no reason to doubt that the officers thus acting on the part of the city had authority to do so, and that the agreement was valid as between the city and the town.

It is also objected that the agreement is of no validity, at least as to the public, because it was not recorded.  That raises the question whether the provision of the statute, which requires the commissioners to cause the partition and allotment of the highway to be recorded in the office of the town clerk in each of their respective towns is directory merely.  The question is not free from doubt.  On the part of the appellant it is urged that the object of the provision is to give notice to the public, and that it is essential to the rights of third persons that the provision be complied with.  On the other hand, it is to be observed that there are no negative words in the statute.

The officers acting for the common council of the city seem to have done all in their power by way of causing the agreement to be recorded in the office of the clerk of the city, for the agreement having been shown to have been deposited there, it is to be presumed that it was done by them for the purpose required by the statute.  The omission to record it is presumptively chargeable to the clerk.  Besides, the agreement being filed in the clerk's office was accessible to the public.  Furthermore, it appears that after the making of the agreement the city and the town took charge of the respective portions of the highway allotted to them, and want of actual notice is not alleged by the plaintiff.  The right of the city of Utica can hardly be affected by the omission of the authorities of New Hartford to record the agreement in the clerk's office of their town.  On the whole we incline to the

opinion that the omission to record the agreement does not affect its validity.

The only other position of the appellant's counsel requiring comment is that the statutory provision above referred to, if applicable to the case of a highway between a city and a town, was repealed by chapter 311 of the Laws of 1870. It is unnecessary to refer particularly to the words of the act. The ground taken is, that it is inconsistent with the former statute, and impliedly repeals it. We think it is consistent with it. It extends the remedy to the case of a highway between villages and a town or city, and provides for a division and allotment of districts annually. But we apprehend that if the parties to a valid agreement omit to agree annually, their rights and obligations are not affected by the omission so long as both are willing to abide by the existing allotment.

We think the agreement with the town of New Hartford exempts the city from liability, and that the judgment should be affirmed.

MULLIN, P. J., and TALCOTT, J., concurred.

Judgment affirmed.